IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVE SLOTTER, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:16-cv-00215-TWT-CMS |
| COMCAST CORPORATION, | |
| Defendant. | |

# **FINAL REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, filed the above-styled case in this court on January 22, 2016. [Doc. 1, Compl.]. Plaintiff's complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

The recently revised Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint upon the defendant to be made within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m). Rule 4(l) requires that unless service is waived, proof of service must be made to the court. Fed. R. Civ. P. 4(l).

On February 22, 2016, CT Corporation filed with the court a copy of a letter dated February 11, 2016 addressed and sent by regular U.S. mail to the plaintiff, Dave

AO 72A
(Rev.8/82)

Slotter, at 4472 Old Marby [sic] Place NE, Roswell, Georgia, 30075-1990, stating the following:

> Comcast Corporation withdrew to do business in the State of GA on 10/08/2002.  When an entity withdraws, the designation of the registered agent is revoked.  Service can no longer be taken on behalf of this entity.  CT was unable to forward.  Very truly yours, CT Corporation System.

(Doc. 3).  Three months then passed with no proof of service being filed with the court, and no other activity occurring on the docket.

On May 24, 2016, the undersigned issued to the plaintiff an order to show cause, within ten days of the date of the order, as to why this case should not be dismissed for want of prosecution, because more than 90 days had passed since the filing of the complaint, and no proof of service had been filed with the court.  (Doc. 4, Order).

On June 10, 2016, without any accompanying explanation, the plaintiff filed a copy of a summons dated February 9, 2016, issued to "Comcast Corporation, aka Comcast of Georgia Inc. LLC c/o Corporation Process Company, 2180 Satellite Blvd., #400, Duluth, Georgia, 30097," and a proof of service form indicating that the summons was served on Linda Banks of Corporation Process Company, R/A, who was "designated by law to accept service of process on behalf of Comcast Corporation aka

2

Comcast of Georgia Inc., LLC at 2180 Satellite Blvd, #400, Duluth, Ga. 30097" on February 11, 2016. (Doc. 5).

It is now November 8, 2016. As of today's date, no answer has been filed, nor has a notice of appearance by any attorney been entered on behalf of the defendant, Comcast Corporation, or as referenced in the proof of service, "Comcast Corporation aka Comcast of Georgia Inc., LLC." Plaintiff has never filed a motion for entry of default, or motion for default judgment, pursuant to Rule 55. The docket reflects that Plaintiff has done nothing to prosecute this case since the case was filed and apparently served.

This court's Local Rules provide that the court may, with or without notice to the parties, dismiss a civil case for want of prosecution if a case has been pending in this court for more than six (6) months, without any substantial proceedings of record having been taken in the case. Local Rule 41.3(A)(3), NDGa. ("Dismissal for Want of Prosecution"). More than nine months have now passed without any substantial proceedings of record having been taken in this case, as shown by the docket.

For the reasons stated, I RECOMMEND that this case be dismissed for want of prosecution, pursuant to LR 41.3 and Fed. R. Civ. P. 41(b).

**IT IS SO RECOMMENDED**, this 8th day of November, 2016.

*/s/ Catherine Salinas*
_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE